UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GINA S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C23-1526-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of her application for Supplemental Security Income. She contends the ALJ erred by discounting the medical opinions of Dr. John Tilley, M.D., Dr. Shafeen Rahman, M.D., and Shannon Prescott, ARNP. Dkt. 9. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 45 years old, has a GED, and has worked as an overlay plastician. Tr. 70, 86, 255. In June 2022, she applied for benefits, alleging disability as of July 26, 2019. Tr. 255–58. Her applications were denied initially and on reconsideration. Tr. 127–66. The ALJ conducted a hearing in October 2022, at which time plaintiff asked to reopen an earlier application and to revise the alleged date of disability by about two weeks to July 11, 2019. Tr. 71. The ALJ issued a January 2023 decision. Tr. 17–36. The ALJ found no reason to reopen the

determination of the prior claim and therefore utilized the dates set forth in the current application. Tr. 17–18. The ALJ found that plaintiff has not engaged in substantial gainful activity since the application date of **June 22, 2020**. Tr. 21. The ALJ determined that plaintiff has the following severe limitations: lumbar spine spondylosis and bilateral sacroiliitis; obesity; pseudo-seizures; post-traumatic stress disorder ("PTSD"); major depressive disorder; and panic disorder with agoraphobia. Tr. 21. The ALJ found that plaintiff did not have an impairment that met or medically equaled a listed impairment. Tr. 21. The ALJ assessed a residual functional capacity ("RFC") of light work with additional physical, postural, environmental, social, and mental restrictions. Tr. 24. The ALJ determined that plaintiff could not perform any past relevant work. Tr. 34. The ALJ found, however, that plaintiff could perform jobs that exist in significant numbers in the national economy, such as small product assembler, marker, and electronics worker. Tr. 35. The ALJ therefore found plaintiff to have been not disabled from June 22, 2020 to the date of the decision. Tr. 36. As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–6.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Plaintiff here challenges the ALJ's evaluation of the medical opinions. An ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but

supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ may, but is not required to, explain how he or she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). Nevertheless, an ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (2022).

Plaintiff contends that the ALJ harmfully erred by discounting the medical opinions of Dr. Tilley, Dr. Rahman, and treating nurse practitioner Ms. Prescott. The Court finds that plaintiff has failed to demonstrate that the ALJ's evaluation of the medical opinions was unsupported by substantial evidence or was marred by the harmful misapplication of the law.

**1. Dr. Tilley**

In July 2020, Dr. Tilley opined that plaintiff would need to lie down for one hour in the afternoon due to neck and back pain; that working on a regular and continuing basis would cause her condition to deteriorate and would exacerbate her neck pain, back pain, and anxiety; that plaintiff would likely miss more than four days of work per month; that her neck pain, back pain, and anxiety would make work impossible; and that plaintiff has a significant debility and disability and is unable to work. Tr. 419–20. In June 2022, Dr. Tilley provided a one-sentence letter opining that plaintiff "is permanently medically disabled because of severe back and neck pain, recurrent psychogenic pseudo-seizures, panic disorder and cerebellar aneurysm." Tr. 831.

1  In December 2022, Dr. Tilly reiterated the opinion that plaintiff would miss four or more days

2  per month of work based pain severity and frequency, and further noted that plaintiff was

3  "severely limited," meaning "[u]nable to lift at least 2 pounds or unable to stand and/or walk."

4  Tr. 952. The ALJ discounted Dr. Tilley's opinions as poorly supported, inconsistent with the

5  record, and largely conclusory. Tr. 31. The ALJ cited substantial evidence for discounting Dr.

6  Tilley's opinions based on their supportability and consistency with the record.

7          First, the ALJ noted that Dr. Tilley not only failed to provide sufficient support for his

8  assessments—providing little narrative explanation or reference to objective findings or clinical

9  observations—but also that the assessment of extreme limitations was not supported by his own

10 treatment records and progress notes, which reflect few significant objective findings and

11 minimal, conservative treatment. Tr. 31. *Compare* Tr. 419–20, 951–52 *with* Tr. 601–02, 607–12,

12 631–34, 641–45, 648–51, 652–55, 656–60, 661–63, 666–70, 671–74, 678–81, 708–14, 728–34,

13 735–40. Similarly, the ALJ noted that Dr. Tilley based plaintiff's limitations in part on

14 convulsive waking seizures, convulsions with unconsciousness, and anxiety. Tr. 31; *see* Tr. 419.

15 There was, however, no evidence supporting a seizure disorder and mental health was outside of

16 Dr. Tilley's medical area of expertise. Tr. 31; *see generally* 20 C.F.R. § 404.1520c(4) ("The

17 medical opinion or prior administrative medical finding of a medical source who has received

18 advanced education and training to become a specialist may be more persuasive about medical

19 issues related to his or her area of specialty than the medical opinion or prior administrative

20 medical finding of a medical source who is not a specialist in the relevant area of specialty.").

21 Second, the ALJ noted that Dr. Tilley's opinion was inconsistent with the record. For example,

22 Dr. Tilley noted that the opined limitations were based on the clinical findings of lumbar disc

23 disease and imaging. Tr. 419. Nonetheless, x-rays of plaintiff's back showed only mild

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 4

spondylosis of the cervical spine and some sacroiliitis and mild endplate spondylosis of the lumbar spine. Tr. 515–16, 534–39. Physical examinations showed no neurological deficits, grossly intact sensation, intact reflexes, normal coordination, normal muscle strength, and normal muscle tone. *See, e.g.*, Tr. 390, 520, 633, 658. Furthermore, plaintiff's activities of daily living—such as helping with dishes, vacuuming, laundry, and doing work at her apartment complex—were inconsistent with the degree of limitations that Dr. Tilley assessed. *See, e.g.*, Tr. 517, 787. Third, as plaintiff concedes is correct, the ALJ rejected Dr. Tilley's conclusory statements about plaintiff being disabled because the determination of disability was an issue reserved to the Commissioner. Tr. 31.

      Plaintiff contends that it was incorrect for the ALJ to refer to the paucity of evidence to support a seizure disorder as a reason for discounting Dr. Tilley's opinion because a psychogenic seizure disorder, i.e., seizures based on psychological rather than physical factors, did not make the seizure disorder any less "real." Dkt. 9, at 9. This contention is unpersuasive because the ALJ accepted pseudo-seizures as a severe impairment but discounted plaintiff's account of their severity. Tr. 21, 26. The ALJ noted that these pseudo-seizures were neither well-described nor well-supported by the treating records. Tr. 26. For example, plaintiff told Dr. Tilley that she was not sure whether she was experiencing pseudo-seizures or just syncopal episodes. Tr. 527. Moreover, a psychological examiner stated that "the nature and etiology of [plaintiff's] reported convulsive episodes remains unclear based on the available information." Tr. 445. The ALJ noted that although her neurologist at some time before May 2021 stated that he could do nothing for the seizures and advised her to see a psychiatrist, plaintiff did not mention the pseudo-seizures to her therapist until May 2022. Tr. 27 (citing Tr. 472, 864). Furthermore, the ALJ noted that plaintiff reported both that daily use of marijuana helped her seizures and that

little could be done to improve her seizures. Tr. 27; *see, e.g.*, Tr. 472. Although plaintiff alleged having seizures frequently due to reasons as various as stress, exertion, or wearing a mask, the ALJ concluded that the fact that no treating or examining source had ever documented such an episode detracted from plaintiff's reports regarding the cause, severity, and frequency of her alleged seizures. Tr. 27; *see* Tr. 291, 319. Plaintiff has variously alluded to having seizures "her entire life," Tr. 299, and during childhood but resuming around 2016 or 2017, Tr. 478, i.e., years before her alleged date of disability in 2019. Her neurologist observed plaintiff presenting with non-epileptic periods of abnormal movements and less responsiveness that demonstrated more consciousness than to which she testified: "She will come out of them suddenly to express her disgust with the St. Joes emergency room staff and it[']s clear she heard the conversation going on around her and once she's done expressing her opinion her head will loll side to side and eyes roving in [a] chaotic way." Tr. 404.

Although plaintiff offers an alternative interpretation of the medical evidence, she has failed to demonstrate that the ALJ's decision to discount Dr. Tilley's opinions based on supportability, consistency, and conclusory statements was unsupported by substantial evidence or marred by the misapplication of the law.

**2. Dr. Rahman**

The ALJ found Dr. Rahman's June 2021 examining opinion to be partially persuasive. Tr. 32; *see* Tr. 517–21. While accepting many of the limitations opined by Dr. Rahman, the ALJ rejected his opinion that plaintiff can stand and/or walk for at least two hours and sit for less than six hours during a workday as poorly supported by the examination findings and inconsistent with the record. Tr. 32. The ALJ cited substantial evidence for discounting Dr. Rahman's opinion based on its supportability and consistency with the record.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 6

The ALJ concluded that Dr. Rahman's opinion that plaintiff can stand and/or walk for two hours and sit for less than six hours was supported largely by plaintiff's presentation during the evaluation, a presentation that was inconsistent with the objective evidence and plaintiff's presentations to treating providers throughout the record. Tr. 32. The ALJ noted that Dr. Rahman based the limitations on plaintiff's slow/deliberate movements, poor balance on gait testing, and discomfort while sitting and being evaluated. Tr. 32; *see* Tr. 520. In contrast, Dr. Rahman also noted 4/5 strength at hip flexors bilaterally but otherwise 5/5 strength in bilateral upper and lower extremities including with grip, normal bulk and tone, and no atrophy; Dr. Rahman referred to straight leg raising being positive at 60 degrees on the right but being negative otherwise; Dr. Rahman acknowledged that plaintiff had no obvious joint deformities, lower back paravertebral muscle spasms, or central lower back tenderness; and aside from bilateral hip flexion being limited to 90 degrees bilaterally, every other aspect of plaintiff's range of motion was within normal limits. Tr. 520. Although plaintiff showed poor balance on gait testing during Dr. Rahman's examination, this was not noted elsewhere in the record or was contradicted. *See, e.g.*, Tr. 356 (treatment note from September 2019 referring to normal gait and station and no abnormal movements). Throughout the record, plaintiff had normal muscle strength and tone, normal coordination, normal sensation, and normal reflexes. Tr. 390, 633, 658. X-rays revealed only minor abnormalities in plaintiff's spine. Tr. 515–16, 534–39; *see* Tr. 517 (Dr. Rahman noting his review of spine x-rays). The ALJ therefore cited substantial evidence that cast doubt upon the supportability and consistency of Dr. Rahman's limitations regarding plaintiff's ability to stand, walk, and sit given inconsistencies within Dr. Rahman's own objective observations as well as within the medical record.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 7

Plaintiff contends that the ALJ should not have discounted Dr. Rahman's opinion because, according to *Ryan v. Commissioner*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008), an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor did not discredit those complaints and supports the ultimate opinion with his or her own observations. Dkt. 9, at 13. *Ryan* is, however, inapposite because the revised regulations have displaced the caselaw that previously gave special weight to treating and examining physicians and required either "clear and convincing" reasons for rejecting uncontradicted medical opinions or "specific and legitimate" reasons for discounting contradicted medical opinions. *Woods*, 32 F.4th at 792. Instead, an ALJ examines the supportability and consistency of medical opinions and may not reject a medical opinion without providing an explanation supported by substantial evidence. *Id.* (citing 20 C.F.R. § 404.1520c(b)). Here the ALJ did not accept Dr. Rahman's reliance on plaintiff's self-reported symptoms and concluded that plaintiff's presentation at the examination was inconsistent with objective evidence and the medical record. Tr. 32; *see* 20 C.F.R. § 404.1520c(c)(1). Elsewhere in the decision, the ALJ cited other reasons to discount plaintiff's symptom testimony: she appeared to be portraying herself as less capable than she actually was, as exemplified by having to be encouraged to try mental tasks and asserting that she did not know the current President of the United States or that Washington was on the west coast despite nothing in the record suggesting limited intellectual capacity, Tr. 29 (citing Tr. 445); and evidence that plaintiff's husband encouraged her to overreport symptoms, as exemplified by treatment notes in which plaintiff's husband talked over plaintiff's responses, reported exaggerated symptoms in comparison to plaintiff's own reports, and reported that her scores on

1  GAD7 and PHQ9 assessments were lower because he had not been present to coach her

2  responses, Tr. 29 (citing 864).

3        Plaintiff has failed to demonstrate that the ALJ's decision to discount Dr. Rahman's

4  opinion based on supportability and consistency was unsupported by substantial evidence or

5  marred by the misapplication of the law.

6        **3.  Nurse Practitioner Ms. Prescott**

7        The ALJ discounted treating nurse practitioner Ms. Prescott's opinion that plaintiff was

8  marked, severely, or extremely limited in her abilities to function in a number of mental

9  domains. Tr. 33; *see* Tr. 923–25. The ALJ cited substantial evidence for discounting Ms.

10 Prescott's opinion based on its supportability and consistency with the record.

11       The ALJ found the opinion of Ms. Prescott to be unpersuasive because it was poorly

12 supported and inconsistent with the medical record. Tr. 33. The ALJ noted that Ms. Prescott

13 presented her opinion entirely through checkmarks on a preprinted form without accompanying

14 explanations. *Id.*; *see* Tr. 923–25. The Ninth Circuit has "accepted the discounting of a medical

15 opinion set forth in a checkbox form with little to no explanation," as was the case with Ms.

16 Prescott's opinion. *Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023). The ALJ also

17 found that Ms. Prescott's opinion that plaintiff suffered from a number of marked, severe, and

18 extreme limitations in mental functioning was inconsistent with the medical record and her daily

19 activities. Tr. 33. Although there was evidence of plaintiff's depression and anxiety, her

20 treatment records could be read to conceivably suggest a lesser degree of functional severity than

21 that opined by Ms. Prescott. *See, e.g.*, Tr. 477, 482, 512, 601, 611, 633, 650, 654, 658, 668, 680,

22 712, 750, 778, 839, 845, 884–85, 901–02, 920. Similarly, contrary to the degree of limitation

23 assessed by Ms. Prescott, plaintiff could take care of many of her personal needs independently,

perform routine tasks and chores around her apartment complex, handle her finances, access treatment and other social services, and take care of her disabled husband. Tr. 59, 292–94, 320–22, 517, 787. Although plaintiff has presented an alternative explanation of how the medical evidence could support Ms. Prescott's opinion, she has not undermined the ALJ's reasonable interpretation of Ms. Prescott's opinion.

Plaintiff has failed to demonstrate that the ALJ's decision to discount Ms. Prescott's opinion based on its supportability and consistency was unsupported by substantial evidence or marred by the misapplication of the law.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 6th day of March, 2024.

BRIAN A. TSUCHIDA  
United States Magistrate Judge